UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


JOHN ANDREW LaGATTUTA,           )          Case No.: 1:07 CV 3232
                                 )
        Plaintiff                )
                                 )
v.                               )          JUDGE SOLOMON OLIVER, JR.
                                 )
ADT SECURITY SERVICES, INC.,     )
                                 )
                                 )
        Defendant                )          ORDER


On October 19, 2007, Plaintiff John Andrew LaGattuta ("Plaintiff") filed the above-captioned action, seeking to certify a class on behalf of himself and all Ohio residents similarly situated, against Defendant ADT Security Services, Inc. ("Defendant"), alleging the following claims: (1) unfair consumer sales practices in violation of the Ohio Consumer Sales Practices Act, O.R.C. § 1345,, *et seq.*; (2) breach of implied warranty in violation of O.R.C. § 1302, *et seq.*; and (3) fraud and deceit.  (Pl.'s Compl., ECF No. 1.)  All of Plaintiff's claims relate to analog cellular transmitters that Defendant sells for use with its residential security systems and security monitoring services.  (*Id.* ¶ 1.)

The court has diversity jurisdiction over the instant class action suit because the named Plaintiff is a resident of Ohio and Defendant is a Delaware corporation with its principal place of business in Florida.  Plaintiff seeks an amount in excess of $5 million exclusive of interest and costs

(*Id.* ¶ 10); *see* 28 U.S.C. § 1332(d)(2)(A). Now before the court is the parties' Joint Motion to Transfer the within case, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of Florida. (ECF No.7.) For the reasons stated below, the Motion is granted.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision to transfer a case lies within the discretion of the district court. *Bunting v. Gray*, 2 F. App'x 443, 448 (6th Cir. 2001) (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 31-33 (1955)).

At the outset, the court must find that the action could have been originally brought in the proposed venue. *Travelers Cas. & Sur. Co. v. Phila. Reinsurance Corp.*, 2001 U.S. Dist. LEXIS 10913, *12-*13 (N.D. Ohio May 10, 2001). The three criteria that must be met are: (1) the proposed transferee court must have subject matter over the case; (2) venue must be proper in the proposed district; and, (3) the defendant must be subject to personal jurisdiction there. *Id.* at 13 (citation omitted). Like this court, the Southern District of Florida would have subject matter jurisdiction over the instant class action suit because the named Plaintiff is from a different state than the Defendant and the amount in controversy is over $5 million. 28 U.S.C. § 1332(d)(2)(A). 28 U.S.C. § 1391(a)(1) provides that a case founded on diversity jurisdiction may be brought in "a judicial district where any defendant resides, if all defendants reside in the same state . . . ." Consequently, venue would be proper in the Southern District of Florida because Defendant's principal place of business and headquarters are in Boca Raton, Florida. (*See* Ex. 1, Compl. for *Morris v. ADT Sec. Servs., Inc.*, No. 07-80950 (S.D. Fla. filed Oct. 12, 2007), ECF No. 7-2, ¶ 12.) Finally, the Southern District of Florida could exercise personal jurisdiction over Defendant because Defendant is

authorized to do business in Florida and in fact does do business in Florida and therefore has sufficient minimum contacts with the state to satisfy due process concerns. Consequently, the court finds that the within case could have been brought in the district to which the parties seek to transfer it.

The court must next consider factors such as the "private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *T&W Forge, Inc. v. V&L Tool, Inc.*, 2005 U.S. Dist. LEXIS 24619, *28 (N.D. Ohio Oct. 24, 2005). A transfer of venue can be granted with less showing of inconvenience to the moving party than is required in a forum non conviens motion. *Travelers Cas. & Sur. Co.*, 2001 U.S. Dist. LEXIS 10913, at *4-5.

The parties' main argument in favor of transfer is the fact that two related cases, *Morris v. ADT Sec. Servs., Inc.*, No. 07-80950 (S.D. Fla. filed Oct. 12, 2007), and *Int'l Telecomms. Group, LLC v. ADT Sec. Servs., Inc.*, No. 07-81074 (S.D. Fla. filed Nov. 14, 2007), are currently pending in the Southern District of Florida. After reviewing the Complaints in each of these cases, which the parties attached to their Motion, the court finds that *Morris* and *Int'l Telecomms. Group* both involve class action suits alleging the same or similar claims against the same Defendant. The main difference, for the purposes of venue, is that the class definition in the instant case is limited to Ohio residents whereas both *Morris* and *Int'l Telecomms. Group* seek to certify a national class of Plaintiffs (which would include Ohio residents).

The parties argue that transferring the within case will serve the interests of justice because "[o]nce the cases are in the same district, the Florida Court will be able to consider judicial

efficiencies by, among other things, avoiding duplicative depositions, discovery requests, and document productions, and inconsistent judicial rulings with regard to discovery and pretrial matters." (Joint Mot. Transfer at 1.)  The court agrees.  Furthermore, it seems likely that bringing the case in Florida will provide convenience to many of Defendant's material witnesses, who likely reside and work in Florida.  As such, time and expenses will likely be reduced if the case proceeds in a Florida court.

The court finds that the parties have met their burden to show the appropriateness of transferring venue.  Therefore, the parties' Joint Motion to Transfer (ECF No. 7) is granted.  Accordingly, the within case is hereby transferred to the United States District Court for the Southern District of Florida.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE


December 10, 2007